IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM F. LEEDS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO.   08-1433 |
| AXIS GLOUCESTER CITY STORAGE | : | |

June 16, 2009

### MEMORANDUM AND O R D E R

In this action, plaintiff alleges that defendants violated the Pennsylvania Self Storage Facility Act, 73 P.S. 1901 et seq, the New Jersey Self Service Storage Act, and that they are liable for conversion of his personal property.  After arbitration, defendants appealed the award and requested a trial.

Plaintiff has now filed a motion seeking sanctions for defendant's failure to comply with a discovery order entered by Judge Kauffman.  Defendant has responded to this motion.  For the reasons set forth below, plaintiff's motion will be granted to the extent that defendants will be ordered to produce the requested documents within 10 days.  However, I will not order sanctions at this time.

Factual and Procedural Background

On November 12, 2008, Judge Kauffman granted Plaintiff's Motion to Compel, ordering that defendants provide complete responses to Plaintiff's Interrogatories and Requests for Production of Documents on or before November 23, 2008.  On November 24, 2008, Defendants served Answers to Interrogatories and produced documents.  Plaintiff argues that at the deposition of Defendant's General Manager, Sandra Bean, on May 21, 2009, Ms. Bean admitted

that certain documents exist, but refused to produce them.  Plaintiff asserts that these documents which identify the purchasers of the contents of units at its storage facility from 2006 to present were required to be produced under its Request for Documents.  They claim that Defendants have failed to comply with Judge Kauffman's order and should be sanctioned.

Defendants respond by arguing that Ms. Bean did not actually acknowledge that such documents exist, but that the term "document" had not been adequately defined by plaintiff's counsel during questioning.  Defendants also assert that plaintiff never actually requested documents naming the purchasers of contents of units at the storage facility in Gloucester, New Jersey.  Furthermore, they assert that the documents are not relevant and argue that they are not discoverable because the names of the purchasers are confidential and revealing them would impact Defendant's ability to conduct business in the future.  Finally, Defendant asserts that "the names of the purchasers do not exist in any 'document', but may exist in some computerized form."

<u>Legal Standards</u>

The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1); <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).

Relevancy is to be broadly construed and is not limited to the precise issues set out in the pleadings.  <u>McCurdy v. Wedgewood Capital Management Co., Inc.</u>, Civ. A. No. 97-4304 (E.D. Pa. Nov. 16, 1998).  However, as the defendants have pointed out, "practical considerations dictate that the parties should not be permitted to roam in shadow zones of relevancy and to

explore matter which does not presently appear germane on the theory that it might conceivably become so." Id., citing Surety Association of America v. Republic Insurance Co., 388 F.2d 412, 414 (2d Cir. 1967).

The onus is on the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b)(4); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996): "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." Momah, id., citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). However, once the objection has been properly articulated, it rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. Momah, id. Then, the party opposing discovery must convince the court why discovery should not be had. Id.

Pursuant to Fed. R. Civ. P. 37(d), if a party fails to serve answers to interrogatories or to serve a written response to a request for production of documents, the court, "on motion may make such orders in regard to the failure as are just." The Rule further provides that "in lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."

_____

Discussion

In Plaintiff's Interrogatories Served on Defendant, Plaintiff requested Defendant to "state all of those occasions when you sold the contents of one of the units at your storage facility in Gloucester, NJ during the years 2006 to present and identify all documents evidencing the circumstances of each such sale." Interrogatory #5. In Plaintiff's Request for Production of Documents Served on Defendant, Plaintiff requested "all of those documents referred to in response to Interrogatory No. 5 of Plaintiff's First Set of Interrogatories Addressed to Defendant." Request #5. After Plaintiff's Motion to Compel Answers and Production of Documents, which Defendant did not oppose, Judge Kauffman issued an Order that Defendant provide full and complete Answers and produce documents. Defendant provided answers and produced documents, but did not produce an answer or document including the names of the purchasers of the contents of storage units in the Gloucester storage facility.

First, as to Defendant's argument that Plaintiff did not specifically request the documents now sought, the names of the purchasers of the contents of the units and the amount paid seem to be included within "the circumstances of each sale," as was requested by Plaintiff.

As to Defendant's argument that the information is not relevant and confidential, we first note that Defendant apparently did not object to this Interrogatory or Request on this basis, even after the specific information was requested at and after the deposition or after the letter was sent by Plaintiff's attorney indicating that this motion would be filed if they failed to comply. As a result, Plaintiff does not even address the relevancy of the requested documents in the motion because Plaintiff had already been ordered by the court to respond. Relevancy is construed very liberally in discovery. While, we are not entirely clear how Plaintiff intends to use the

4

information sought, we find that the information could at least lead to admissible information. We presume that Plaintiff may intend to demonstrate that the amount recovered in these sales is not commensurate with the value of the contents of the units and may wish to show a pattern of repeat purchasers. The Court again presumes that this could be relevant to the issue of damages in the conversion claim. We note that there is no pending motion for a protective order and we do not find anything inherently confidential regarding the names of purchasers and the amounts paid for the contents of the units.

Most significantly, Defendant claims the "documents" do not exist except in a computerized format. We are going to construe the term "documents" liberally to include a document that can be simply generated and printed. The court is not asking that Defendant create documents. However, to the extent that the information can be simply generated on a computer and printed, it must be produced.

Finally, the Court is required to award fees "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d). According to the Rule, "[t]he failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." We do not find the information sought to be objectionable and could not excuse the failure to produce on this basis even if we did. However, we find the Defendant's failure to comply to be substantially justified on the basis that the term "document", as defined in Plaintiff's requests[1], may not clearly

---

[1] Plaintiff's Request for Production of Documents contains the following definition of the term "documents": "all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notes made on such copies or otherwise, including without limitation, correspondence, memoranda, notes (handwritten, typewritten or otherwise), affidavits, statements, letters, minutes, agendas, contracts, reports, studies, annual reports, directories, checks, statements, receipts, summaries, interoffice and intra office communications, ledgers, reports, appointment calendars, offers, notations of any conversation,

mandate production of computerized data that has not been previously printed.  While the Court is construing the term liberally and ordering production, it is for this reason that I will not find Defendant in contempt of Judge Kauffman's Order and will not order the payment of sanctions.  However, failure to comply with this Order will result in contempt.

      For the reasons set forth above, I now enter the following:

---

drafts, alterations, modifications, changes or amendments of any of the foregoing, and any and all mechanical, magnetic or electronic recordings or reproductions of any kind of the foregoing which are in the possession, custody or control of Plaintiff and/or their present or former attorneys, agents or representatives."