IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM F. LEEDS, et al.                    :        CIVIL ACTION
                                            :
        v.                                  :
                                            :        NO.   08-1433
AXIS GLOUCESTER CITY STORAGE

MEMORANDUM AND ORDER

JACOB P.  HART                                      DATE:   August 12, 2009
UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant Axis Gloucester City Storage's Motion for Summary

Judgement pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs' Response

thereto and Defendant's Reply to Plaintiff's Response.  For the reasons stated below, we have

considered Plaintiffs' Opposition as a Cross Motion for Partial Summary Judgment.  Defendant's

motion is denied and partial summary judgment is granted in favor of Plaintiffs.

## I.       Relevant Facts

On November 16, 2005, Plaintiff Leeds entered into a contract with Defendant to rent a

storage facility, in which he was to store property belonging to Plaintiff Consolidated Marine

Services, Inc. ("Consolidated Marine").  Over the thirteen months Plaintiffs rented the storage

locker, Defendant sent two default notices to Plaintiffs.  On July 5, 2007, Defendant sent

Consolidated Marine a certified letter notifying them of their failure to pay rent for June 2007

and of a sale scheduled for August 21, 2007.  Plaintiff sent a check for June and July rent, which

was credited to the account on July 9, 2007.

Mr. Leeds moved to Texas in April 2007 and his wife began opening invoices for

Consolidated Marine in October 2007.  On November 2, 2007, Defendant sent another letter via certified mail notifying Plaintiffs of their failure to pay rent for October 2007.  The letter indicated that a sale would be held on December 18, 2007.  Mrs. Leeds sent Defendant a payment in the amount of $185, by a check dated November 14, 2007, which Defendant credited to the account on November 16, 2007.  Defendant published the notice of sale in the Camden Courier Post on December 8 and December 15, 2007.  On December 18, 2007, Defendant held an auction of the contents of Plaintiffs' storage locker and the contents of the locker were sold to William Sylvester for $5.  On December 31, 2007, Mrs. Leeds, who was unaware that the property had been sold,  sent Defendant a payment of $190.00, with "Nov." written in the memo line of the check.

Plaintiffs allege that Defendant sold the property they had stored in Defendant's rental storage facility in violation of the Pennsylvania Self Storage Act.  Plaintiffs also seek damages for conversion. Plaintiffs allege that the value of the property sold at the auction was in excess of $100,000.  An arbitration hearing was held on January 15, 2009, following which the arbitrators awarded Plaintiffs damages of $65,189.68.  Defendant appealed and now seeks summary judgment.  Plaintiffs filed opposition to Defendant's motion, in which they asked that the court direct that the defendant violated the Pennsylvania Self Storage Act, but did not formally move for partial summary judgment.  Defendant filed a reply to the opposition.  This court notified both counsel by telephone that we were considering treating Plaintiff's opposition as a cross-motion for partial summary judgment, allowing Defendant to submit an additional response.

## II.    <u>Legal Standards</u>

<u>Summary Judgment</u>

Summary judgment is warranted where the pleadings and discovery, as well as any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  "It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment *sua sponte*." Gibson v. Mayor and Council of Wilmington, 355 F.3d 215, 222 (3d Cir.2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S. Ct. 2548 (1986) ("Our conclusion is bolstered by the fact that district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.").  In Gibson, the Court of Appeals for the Third Circuit pointed to a quote from an earlier Third Circuit case which held that a *sua sponte* grant of summary judgment was inappropriate where the party against which it was granted was not afforded the ten days notice required by Fed. R. Civ. P. 56(c).  Gibson, 355 F.3d at 223, quoting Otis Elevator Company v. George Washington Hotel Corporation, 27 F.3d 903, 910 (3d Cir.1994).  However, the Gibson court found an exception to the notice requirement and held that *sua sponte* summary judgment could be granted even without ten-days notice, where (a) the point at issue is purely legal; (b) the record is fully developed and (c) the failure to give notice does not prejudice the party against whom summary judgment was granted. 355 F.3d at 224.  Finding that all three factors were present in Gibson, the Third Circuit did not determine whether all three factors were required in the absence of notice or if one would be sufficient.  Id.  The Third Circuit followed the First Circuit in finding that the appropriate definition of notice is such that "the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward."  Id. at 223 (quoting Leyva v. On the Beach, Inc., 171 F.3d 717, 720 (1st Cir.

3

1999) (internal citations omitted).  "Where it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a *sua sponte* grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgement as a matter of law."  Daraji v. Monica, Civ A. No. 07-1749, 2008 WL 183643, 2 (E.D. Pa. Jan 18, 2008) (quoting Gibson, 355 F.3d at 224).

## III.   Discussion

Statutory Minimum

First, Defendant argues that the Court lacks jurisdiction because Plaintiff cannot satisfy the jurisdictional requirements for a diversity action in federal court.  He argues that the damages Plaintiffs seek fail to meet the statutory minimum of $75,000.

When the court can determine "with legal certainty" that the amount in controversy does not satisfy the jurisdictional minimum, dismissal is appropriate. Christman v. Cigas Machine Shop, Inc., 293 F. Supp. 2d 538, 541 -542 (E.D. Pa. 2003). "The test then is not what amount the plaintiff claims in the *ad damnum* clause of his complaint, but rather, whether it appears to a 'legal certainty' that he cannot recover an amount above the jurisdictional minimum." Nelson v. Keefer, 451 F.2d 289, 293 (3d Cir.1971).

Defendant claims that Plaintiffs have failed to produce proof of what was actually in the storage unit and has not produced any proof of the value of the contents other than self serving lists that Mr. Leeds prepared for the purpose of litigation.  Defendant asserts that "[i]t is well settled under Pennsylvania law that a plaintiff must produce expert testimony to support his claim for damages when the value of what is claimed is subject to debate."  However, as

Plaintiffs note, Defendant has failed to cite any authority to support this.

According to Federal Rule of Evidence 701, opinion testimony is permitted by lay witnesses.  An expert witness is not required "whenever the testimony is of a specialized or technical nature.  When a lay witness has a particularized knowledge by virtue of her experience, she may testify - even if the subject matter is specialized or technical - because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702."  Donlin v. Philips Lighting North America Corp., 564 F.3d 207, 215 (3d Cir. 2009).  Federal Rule of Evidence 701 holds: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." See Fed. R. Evid. 701;  International Rental and Leasing Corp. v. McClean, 303 F. Supp. 2d 573, 578 (D. Virgin Islands 2004). "[Under Rule 701,] a lay witness with first-hand knowledge can offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion." Asplundh Manufacturing Div. v. Benton Harbor Engineering, 57 F.3d 1190, 1201-02 (3d Cir.1995).

In this case, Plaintiff Leeds claims that the property he had stored in the locker was worth over $100,000.  We do not find any requirement that an expert must testify as to the value of personal property.  To the contrary, the court has held that the testimony of lay persons can be sufficient to establish the value of goods that the witness possessed.  Ford v. Chrysler Corp., 1996 WL 363914, 3 (E.D. Pa. 1996) (citing  Fed. R. Evid. 701 (1987); see also Kinter v. United States, 156 F.2d 5, 7 (3d Cir. 1946) (holding that the owner of personal property may testify as to

its market value, based on his knowledge of the uses to which the property was placed, or the conditions of improvements made to the property); accord Palmer v. Lapp, 572 A.2d 12, 17 (Pa. Super. Ct. 1990) (holding that a witness need not be qualified as an expert to give an opinion as to value)).

Although, he does not have expert reports, Plaintiff Leeds will testify as to the value of his own property.  The lack of expert testimony to support the values claimed may be an issue of credibility.  Defendants may dispute the values with use of experts, which will become an issue for the jury.  However, since it is not clear "to a legal certainty" that Plaintiff cannot recover the jurisdictional minimum of $75,000, we will not grant Defendant's motion on this basis.

Pennsylvania Self Storage Act

Defendant, the moving party, asserts that it complied with the provisions of the Act and the terms of the lease agreement in proceeding with the sale of Plaintiffs' property in which Defendant had a lien.  The issue underlying the entire case is whether Defendant complied with the Act and with the terms of the lease agreement, i.e. whether the notice issued by the Defendant was sufficient to proceed to the sale, even after plaintiff paid the amount listed in the notice.

We believe that this is an entirely legal issue, and therefore not for a jury to decide. Here, as was the case in Gibson, the party against whom summary judgment is being granted was the moving party and thereby had every opportunity to present its position to the Court.  See Gibson, 355 at 223.  In its filings, Defendant agrees that the issues involved are purely legal.  In Plaintiffs' opposition, while Plaintiffs argue that there are factual issues, including the value of damages, they also ask that the court "direct" a finding that Defendant failed to comply with the Pennsylvania Self-Service Storage Facility Act, 26 Pa. Cons. Stat. § 1901 et seq.  Defendant filed

a reply to this opposition.

Although Plaintiffs did not formally move for partial summary judgment, this Court notified the parties by telephone that it was considering Plaintiffs' response as a cross- motion for partial summary judgment and allowed Defendant to submit an additional response, but Defendant did not do so.  Defendant certainly had reason to believe the Court may consider making a legal determination regarding its compliance with the Act.  As the moving party, Defendant had a fair opportunity put its best foot forward in briefing its Motion and replying to Plaintiffs' opposition pertaining to this issue.  All of the factors set forth in Gibson as an exception to the notice requirement are present in this case, indicating that granting the motion *sua sponte*, even without notice would have been appropriate.  For the above reasons, Defendant is not prejudiced. The issue the Court is deciding is purely legal and based upon a complete record.  See Gibson, 355 F.3d at 223.  Furthermore, the court provided actual notice allowing an additional response within 5 days.  The *sua sponte* grant of partial summary judgment in favor of the non moving party is entirely appropriate in this case.

Whether Sale was Legally Authorized:

The letter sent to Plaintiffs, dated November 2, 2007, provided as follows:

Dear Tenant:
We have not received your monthly rent of $165.00 for storage unit E175 (the "Unit") which was due on the 1 day of last month.
We are now declaring you in DEFAULT of your obligations under the Rental Agreement you signed for the Unit.
A late fee of $15.00 and a certified mail fee of $10.00 has also been charged to your account.
We are DEMANDING that you pay in full all amounts owed to us, which includes all past due rent, late fees, certified mail fees and other charges up to and including the date your payment is made, no later than thirty (30) days after the date of this notice.

As indicated in the Rental Agreement, under Section 1904 of the Pennsylvania Self-Storage Facility Act (the "Act"), the entire contents of your Unit are subject to a LIEN to us for rent, labor or other charges, present or future, incurred for storing such contents and for expenses reasonably incurred in its sale or other disposition.

OUR DECLARING YOU IN DEFAULT IN THIS NOTICE MEANS THAT IF YOU DO NOT PAY IN FULL WITHIN THIRTY (30) DAYS OF THE DATE OF THIS NOTICE, THE NOW PAST DUE AMOUNT OF $185.00[1], WHICH INCLUDES RENT, LATE FEES IN ADDITION TO A CERTIFIED MAIL FEE OF $10.00 AND ANY OTHER RENT, FEES, CHARGES AND EXPENSES THAT BECOME DUE UP TO AND INCLUDING THE DATE YOUR PAYMENT IS MADE, AT THE ABOVE ADDRESS, WE WILL EXERCISE ALL RIGHTS AND REMEDIES TO WHICH WE ARE ENTITLED UNDER THE RENTAL AGREEMENT AND PENNSYLVANIA LAW, INCLUDING (1) ADVERTISING FOR SALE AND SELLING, AT  3PM  ON  12-18-07  AT 775 Market Street Gloucester, NJ THE CONTENTS OF YOUR UNIT OR OTHERWISE DISPOSING OF SUCH CONTENTS, (2) DENYING YOU ACCESS TO THE UNIT AND/OR (3) ENTERING AND/OR REMOVING SUCH CONTENTS FROM THE UNIT TO OTHER SUITABLE STORAGE SPACE, ALL IN ACCORDANCE WITH THE ACT.  WE RESERVE THE RIGHT TO ACCEPT PARTIAL PAYMENTS WITHOUT SUSPENDING OR STOPPING THE COLLECTION PROCESS, INCLUDING SUCH SALE.

Sincerely.
Resident Manager
Axis Gloucester City Storage

Upon receipt of this letter, Mrs. Leeds sent Defendant a check dated November 14, 2007, in the amount of $185.00, the amount listed in the bold print section of the notice.  Defendant asserts that this was only a partial payment and the sale was in compliance with the Act and the terms of the lease.  Plaintiff argues that pursuant to the Act, the payment was enough to stop the scheduled sale.

_____

[1]We note that there is an internal inconsistency in the amount set forth in this notice.  In the beginning of the notice, it is stated that the rent of $165 plus a $15 fee and a $10 fee are past due.  However, instead of $190, the bold portion of the notice provides that the rent and fees are $185.  This discrepancy is not at issue in this case.

The relevant portion of the summary of the lease provides as follows:

1.      Your fee is $165.00 and is due on the first (1st) day of each month...
4.      Rental payments made after the 10th of the month are subject to a $15.00
        Late Charge.  If payments are not received by the 30th day of the month
        you will be notified by management visa certified mail of their intent to
        process your unit for public auction.
6.      A partial payment will not stop fees or official procedures.  Any agreement
        between tenant and management to extend payment dates or defer sale of
        goods must be in writing and signed by both management and tenant to be
        binding.

(Exhibit B).

According to § 1904 of the Pennsylvania Self-Service Storage Facility Act, 26 Pa. Cons.

Stat. 1901 et seq. ("the Act"), as of the date Plaintiffs' property was placed in the storage facility,

Defendant had a lien upon the property.  26 Pa. Cons. Stat. § 1904.  The Act also governs

enforcement of that lien.  The Act provides that "[n]o enforcement action shall be taken by the

owner until the occupant has been in default continuously for a period of 30 days."  26 Pa. Cons.

Stat. § 1905(a).  "After the occupant has been in default continuously for a period of 30 days, the

owner shall have the right to deny the occupant's access to the leased space.  The owner may also

enter and remove the personal property from the leased space to another suitable storage space

pending its sale or other disposition."   26 Pa. Cons. Stat. § 1905(b).

The Act sets forth specific requirements for the notice that must be sent and for the

advertisement of the sale.  Among other requirements, Section 1906 of the Act provides that the

notice must contain "an itemized statement of the owner's claim showing the sum due at the time

of the notice and the date when the sum became due."  26 Pa. Cons. Stat. § 1906(b)(1).

Here, it is undisputed that the rent was due on the first of each month and late after the

tenth day of the month.  The default notice was dated November 2, 2007.  Therefore as of the

date of the letter, November's rent was already due, in addition to the $185 due for October's rent.[2]  According to the language of the Act, the notice must contain "an itemized statement of the owner's claim showing the sum due at the time of the notice and the date when the sum became due." 26 Pa. Cons. Stat. §  1906(b)(1).  The notice in this case clearly failed to include an itemized statement of  the full amount "due at the time of the notice".  The notice included only the amount that was already 30 days past due, which is the amount Plaintiff paid, believing she had stopped the sale.  By failing to include the amount actually due at the time of the notice the Defendant failed to comply with the Act.  We therefore find the notice insufficient to justify the sale and find in favor of the Plaintiff.  See Castetter v. Mr. B Storage, 699 A.2d 1268, 1271 (Pa. Super. 1997) ("Because the Act affects the personal property rights of a storage facility occupant, the provisions of the Act which delineate the duties, obligations and notice requirements imposed upon a facility owner when taking action against such property must be strictly construed to ensure that the occupant's property rights are adequately protected.").

We note that Defendant included language in the notice indicating that plaintiff must pay "any other rent, fees, charges and expenses that become due up to and including the date your payment is made".  However, the November rent was already due even when the notice was sent. There was no time during which plaintiff could have stopped the sale (under Defendant's reasoning) by paying the actual amount set forth in the notice.  Even if she had made her $185 payment on November 2, 2007, the date the notice was sent, it would not have been sufficient to

---

[2]According to the Defendant's ledger, the amount due as of November 2, 2007 was $360. While this amount is greater than the $185 or $190 listed in the Default notice plus $165 for November rent, it clearly is more than the amount listed in the default notice and reflects that November's rent was due.

pay the full amount Defendant now claims was due on that date.  To comply with the Act, the notice needed to have included an itemized statement showing the amount of both the past due October rent and fees and the November rent that had become due on November 1.  The amounts should have been itemized showing the past due amount and the additional amount that had just become due, especially given Defendant's claim that payment of both were necessary to stop the sale.

Defendant asserts that the contract language which provides that partial payments will not stop a sale, controls.  As Defendant asserts, the Act provides as follows:

> Nothing in this act shall be construed as in any manner impairing or affecting the right of the parties to create additional rights, duties and  obligations in and by virtue of the rental agreement.  The rights provided by this act shall be in addition to all other rights allowed by law to a creditor against his debtor.

26 Pa. Cons. Stat. § 1916.  However, while the Act provides that additional responsibilities may be set forth in the agreement, the requirements of the Act still must be satisfied in order to enforce the lien.  The notice in this case was deficient.  While the contract provides that partial payments are not sufficient to stop the sale, as a result of the deficient notice, Plaintiff was not aware that she was making a "partial" payment.

Unfortunately, there are very few cases dealing with or interpreting the Pennsylvania Self Storage Facility Act.  Our research revealed only one case in state court dealing with the issue of whether a new notice is required.  Grant v. Nolan Bros. Of Texas, Inc., No. GD 02-015244 (Pa. Court of Common Pleas Allegheny County).  That case did not result in even an unreported opinion.  Instead, Defendant's motion for summary judgment was denied without an opinion and the case settled before trial.  Once again, in this case, we need not resolve the question of whether

11

a new notice is required once the next month's rent is 30 days late.  Here, the sale was not

authorized as the notice failed to comply with the clear requirements set forth in the Act.

As Plaintiff asserts, "[i]n Pennsylvania, conversion occurs when 'the defendant deprives

the plaintiff of his right to a chattel or interferes with the plaintiff's use or possession of a chattel

without the plaintiff's consent and *without lawful justification*.'"  Ride the Ducks of Philadelphia,

LLC v. Duck Boat Tours, Inc., 138 Fed. Appx. 431, 433, 2005 WL 1583514, 2 (3d Cir. 2005)

(quoting Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. 2003)) (emphasis

added).  The sale was undisputably without Plaintiffs' consent and since it was not permitted

under the Act, it cannot be determined to be "legally justified."  Accordingly, we find in

Plaintiff's favor on the conversion claim, as well.

For the above reasons, we grant partial summary judgment in favor of Plaintiffs.  The

case will proceed to trial to allow the jury to determine compensatory damages.  See Castetter v.

Mr. B Storage,  699 A.2d at 1271 (finding that because defendant failed to comply with

mandatory provisions of the Self-Service Storage Facility Act, plaintiff was entitled to

compensatory damages)[3].

For the reasons set forth above, I now issue the following:

---

[3]We note that under either the conversion claim or for violation of the Act, Plaintiffs will
be entitled to compensatory damages.  Therefore, a finding in favor of Plaintiffs on the
conversion claim will not increase damages.